Judge Robertson
delivered the opinion of the Court.
Combs and O’Brian having moved the county court of Nelson for counter security, by the administratrix and administrator of Luke Church, for whom they were securities, or for such an order as might relieve them from unnecessary danger, an order was made, directing the goods, chattels and credits of the estate of Luke Church, to be delivered up to the securities for their indemnity. The delivery was accordingly made, and a settlement with the administratrix and administrator was afterwards approved by the court.
Feudal Church, one of the heirs of the intestate, filed this bill against the administratrix, administrator, Combs and O’Brian, and the distributees of the estate.
The court rendered a decree in favor of each distributee against Combs, and to this decree, various objections are made to this court.
The decree is erroneous. There is no valid objection to that part of the decree which directs several executions to issue. This was right. It conformed to the distinct and several rights of the distributees. But the court has decreed in favor of some who were not parties, and has allowed others of the distributees more than the record will justify.
The distributees who were made defendants, made their answers cross bills. Fielder Cross was one of the distributees. He married one of Luke Church’s daughters. The right to distribution would survive to her, if it should remain undisposed of by her husband, in his lifetime. She survived her husband, who died pending the suit. He had answered a bill of interpleader, and admitted a sale of his interest to Haverhill; she was, nevertheless, a necessary party. As there is no evidence in the record that a subpoena, was served on her, she was not regularly made party, and consequently there ought to have been no decree *331 as to her interest. O’Brian was not noticed in the decree; this was not strictly regular.
Combs’ an_ swer, across bill,
Order of (he county court did Dot constitute Combs and O’Brien, adm’rs. nor had they any power over the estate, but to hold it for their own indemnity ; arid were responsible for any waste committed on said estate.
The infant c“”r°¿ljul£e ,hould have been made parties-
Combs answered and made his answer a cross bill. Among other things, he charges that a slave which he was charged with selling, was sold by the complainant and the adult distributees and the administratrix, who had received from the purchaser, their respective portions of the price. It was proved that Lynch had received his share, but the others are silent in their answers, as to this allegation by Combs. And there is. no proof. The court, however, made Combs responsible, by its decree for $500, for this slave.. This was-not authorized.
The error of considering Combs as an administra" tor, seems to have been common to all the parties, and the counsel, as well here as in the court below. Whatever might have been the effect of the order by the county court, it certainly did not constitute Combs and O’Brian administrators. It was not so intended. They executed no bond, took no oath. They were only permitted to hold the estate for their own indemnity; and could not become, by such a deposit, administrators. They could do no act as administrators, nevertheless, they should be held responsible by the administrators for the safe custody of the property; and should account for it. Although they had no power to sell the slave, if they did sell him, they should pay the price. There is no evidence that they did sell him; still they should either produce him or show a satisfactory reason for not doing it. As Combs has sworn in his crossbill, that the slave was sold by the administrator and some of the distributees; as they evade a response to this specific allegation;, as it is shown that one of them had received his portion, and it is clear that Combs had no legal authority to sell, we are permitted to infer that he should not be made liable to the administratrix and adult heirs for any portion of the price of the slave.
But as it is not alleged that the two infant heirs of L. Church had any agency in the sale, or had received any portion of the price, and as they are not parties to Combs’s cross bill, he must be held responsible to them for their interests in the slave. Because, although, *332 the administrator and adult heirs are responsible for-the portions of the infants, if they did sell the slave, still Combs, as he was made the depository, is also responsible to them, unless he had shown against the infants that the administrator had sold, who had the right to sell. The facts which have been considered sufficient on this point, against the administratrix, &c, cannot affect the infants, as they are not made parties to the congest about the sale.
The decree reversed.
Crittenden, for plaintiff; Denny, for defendants.
And as to Cross, the evidence satisfactorily proves that he too, had received his share of the price of the sale.
There ought to have been a decree disposing of the case between the heirs and administratrix and administrator. The decree ought to have either settled their rights or dismissed the bill as to that matter.
The decree must ba reversed, and the cause remanded with instructions, after the necessary parties shall have been properly brought befpre the court, tp render a decree according to the principles of the former decree modified by this opinion, between the parties to the former decree; and such additional decree, as shall be right between those required to be made parties.